UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


TERRY KELLY (#84380)

VERSUS                                          CIVIL ACTION

JAMES LEBLANC, ET AL                            NUMBER 13-798-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, October 10, 2014.

                                  STEPHEN C. RIEDLINGER
                                  UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRY KELLY (#84380)

VERSUS                                                CIVIL ACTION

JAMES LEBLANC, ET AL                                  NUMBER 13-798-JJB-SCR

**<u>MAGISTRATE JUDGE'S REPORT</u>**

Before the court is the defendants' Motion to Dismiss. Record document number 22. The motion is opposed.[1]

**I. Factual Allegations**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 and the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden Burl Cain and Dr. Jason Collins. Plaintiff alleged that the defendants were deliberately indifferent to his health and safety and subjected him to unconstitutional conditions of confinement in violation of the Eighth Amendment. Plaintiff sought compensatory and punitive damages.[2]

Specifically, the plaintiff alleged that he has been blind for

---

[1] Record document number 23.

[2] Record document number 21.

16 years, having had his right eye removed and a portion of his left eye surgically removed. Plaintiff alleged that he is confined to a cell with another inmate which subjects him to some unspecified torture. Plaintiff further alleged that there are no guard rails in his cell, no guard rails in the shower and his cane is removed from his possession while he is confined in his cell. Plaintiff alleged that on some unspecified date he fell in the shower and sustained a bruise to his hip. Plaintiff alleged that he was provided no relief following the accident in the shower.[3]

Plaintiff alleged that Dr. Collins failed to assign him to the ward at the R.E. Barrow Treatment Center. Plaintiff alleged that Warden Cain and Secretary LeBlanc did not personally read his administrative grievance complaining that he was being subjected to unconstitutional conditions of confinement.

## II. Applicable Law and Analysis

**A. Motion to Dismiss Standard**

Defendants moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations

---

[3] Record document number 21, Amended Complaint Pursuant to FRCP. Rule 12(e).

must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual

3

enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

**B. Official Capacity**

Defendants argued that they are entitled to Eleventh Amendment immunity insofar as the plaintiff sued them in their official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al,* 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a section 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between

official-capacity suits and personal-capacity suits is more than a "mere pleading device." Officers sued in their personal capacity come to court as individuals. A state official in his or her official capacity, when sued for injunctive relief, would be a person under section 1983 because official-capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14. Thus, the plaintiff may recover money damages against the defendants insofar as the defendants were sued in their individual capacities for actions taken by them under color of state law which caused the deprivation of constitutional rights. However, the plaintiff did not seek prospective injunctive relief therefore his claims against the defendants in their official capacities is not actionable under § 1983.

**C. Deliberate Indifference/Unconstitutional Conditions**

Plaintiff alleged that the defendants were deliberately indifferent to his health and safety and subjected him to unconstitutional conditions of confinement. Specifically, the plaintiff alleged that notwithstanding the fact he is legally blind, he was assigned to a two man cell rather than the R.E. Barrow Treatment Center ward or another housing unit specifically designated to accommodate the needs of disabled inmates. Plaintiff alleged that while he is confined to his cell he is not allowed to

5

possess his cane.  Plaintiff alleged that his cell and the shower are not equipped with hand rails.  Plaintiff alleged that he slipped and fell in the shower, which he attributes to the lack of hand rails.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994).  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.  *Id*.

The Eighth Amendment prohibits only the wanton and unnecessary infliction of pain.  *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976).  Whether the treatment received by an inmate is characterized as inhumane conditions of confinement, a failure to attend to medical needs, or a combination of both, it is appropriate to apply the "deliberate indifference" standard articulated in *Estelle*.  *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 2327 (1991).[4]

Some conditions of confinement may establish an Eighth

---

[4] In *Seiter*, the Supreme Court stated that, in emergency situations, where prison officials must act "in haste, [and] under pressure", the requisite intent rises to "acting `maliciously and sadistically for the purpose of causing harm.'" *Seiter*, 501 U.S. at 302, 111 S.Ct. at 2326.

Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Id.*

Plaintiff's allegations that the defendants were deliberately indifferent to his health and safety and subjected him to unconstitutional conditions of confinement are sufficient to state a claim upon which relief can be granted.

### D. Equal Protection

Plaintiff alleged that he was provided inappropriate accommodation for his medical condition in violation of his equal protection rights.

To prove a cause of action under § 1983 based on a violation of equal protection, the plaintiff must demonstrate that the officials acted with a discriminatory purpose. *Woods v. Edwards*, 51 F.3d 577 (5th Cir.), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800 (1996). Discriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group. *Id.* A violation of the equal protection clause occurs only when the

governmental action in question classifies or distinguishes between two or more relevant persons or groups. *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988).

Plaintiff did not allege any facts that the decision by the defendants to accommodate his medical needs was because of his age, race, religion, sex, or national origin. Plaintiff failed to even allege that the defendants acted with a discriminatory purpose. Plaintiff allegations regarding an equal protection violation fail to state a claim upon which relief can be granted.

**E. ADA**

Plaintiff alleged that the defendants have discriminated against him in violation of the ADA.

State prisoners may bring claims against their jailors for disability discrimination under Title II of the ADA, which prohibits discrimination by public entities. *Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 209-10, 118 S.Ct. 1952 (1998). Because the term "public entity" in Title II does not include individuals, individual defendants cannot be held personally liable for violations of Title II of the ADA. *Walker v. Snyder*, 213 F.3d 344, 347 (7th Cir. 2000), *abrogated on other grounds by Board of Trustees v. Garrett*, 531 U.S. 356, 374 n. 9, 121 S.Ct. 955 (2001).

Title II of the ADA provides "no qualified individual with a disability shall, by reason of such disability, be excluded from

participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

A plaintiff must first establish a prima facie case of discrimination before relief under the ADA can be considered. To establish a prima facie case of discrimination under the ADA, a plaintiff must demonstrate: (1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and, (3) that such exclusion, denial of benefits, or discrimination is because of his disability. *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011). A plaintiff asserting a private cause of action for ADA violations may only recover compensatory damages upon a showing of intentional discrimination. *Delano-Pyle v. Victoria, County, TX*, 302 F.3d 567, 575 (5th Cir. 2002). Punitive damages are unavailable. *Barnes v. Gorman*, 536 U.S. 181, 189-90, 122 S.Ct. 2097, 2102-03 (2002).

Even assuming, without deciding, that the plaintiff is disabled for purposes of the ADA, he has not alleged any facts suggesting that the defendants had the subjective intent to discriminate against him because of his disability.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the defendants' Motion to Dismiss be granted in part, dismissing all of the plaintiff's claims except the plaintiff's claims that the defendants were deliberately indifferent to his health and safety and subjected him to unconstitutional conditions of confinement in violation of the Eighth Amendment, and that the case be referred back to the magistrate judge for further proceedings.[5]

Baton Rouge, Louisiana, October 10, 2014.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[5] It is not necessary to give the plaintiff another opportunity to file an amended complaint. First, the plaintiff was already ordered to file a amended complaint stating specific facts supporting his claims against each defendant. Record document number 20, Order to File Amended Complaint. Plaintiff's Amended Complaint Pursuant to FRCP. Rule 12(e), which is the subject of this motion, was filed in response to that order. Second, although his recently-filed Motion for Leave of Court to Amend Complaint was denied, in his motion the plaintiff sought time to amend only his deliberate indifference/Eighth Amendment claims. Record document numbers 28, motion, and 30, ruling.